Bard v. Fort.

---

BARD and others *vs.* FORT and others.

After a default has been regularly entered, in a foreclosure suit, it will not be opened for the purpose of enabling the defendant to set up, as a defence, that the mortgage was given in violation of the restraining law; except upon the terms of paying the moneys or property actually received from the mortgagee.

Where a part of the mortgaged premises are claimed by a feme covert as her separate estate, the court will not set aside a regular default, in a foreclosure suit, to enable her husband to set up an unconscientious defence to the whole suit; but will make such an order as will protect the wife's claim to her separate estate in that portion of the premises.

THIS was an application by Abram I. Fort, E. Van Vechten, H. Van Rensselaer and wife, and also in behalf of Abby R., the wife of Abram I. Fort, to open the order taking the bill as confessed against them in this case. The bill was filed to foreclose two mortgages, upon lands in the town of Moreau; and the principal defence sought to be set up by all these defendants, except Mrs. Fort, was that the giving of one of the mortgages, and the assignment of the other to the American

Life Insurance and Trust Company, were done in violation of the restraining law.

*S. Stevens & J. Rhoades,* for the complainants.

*O. Clark & N. Hill, Jun.* for the defendants.

THE CHANCELLOR. It is not necessary to inquire whether the defendants had such a defence as they now wish to set up; and which would have availed them in this suit if they had set it up in time. For as the mortgagor in one of there mortgages, and the assignor of the other mortgage, received from the company the full amount of money which is now claimed by these complainants, it would be contrary to the settled practice of this court to grant them the favor of opening the default merely to enable them to set up such a defence; except upon the terms of paying the moneys actually received from the company. (*See Martin* v. *Broadus,* 1 *Freem. Ch. Rep. of Miss.* 35 ; *Beach* v. *The Fulton Bank,* 3 *Wend. Rep.* 573.) The affidavits show that all sums received by the company, or its agents, on account of the mortgages, have been credited thereon. And it is not material to these defendants whether the payments were applied upon the one mortgage or the other; though there is no doubt that they have been rightly applied. The motion as to all the applicants, except Mrs. Fort, must be denied; with costs to be taxed.

The farm of about 90 acres was conveyed by the husband of Mrs. Fort to Charles Rogers, as her trustee, and that circumstance places her case upon a different ground, as regards any interest she has in that farm, either legal or equitable. So far as regards the interest of the husband therein, if he had any which was not conveyed to his father previous to the giving of the mortgage by the latter, he is not entitled to relief. For he himself received the money from the company, for which the $20,000 mortgage was given, upon the order of his father. And to induce the company to accept that mortgage, and to advance the money thereon, he made and delivered to them an affidavit stating

Bard v. Fort.

that he was well acquainted with the premises mentioned in the mortgage; that the same were all in the possession of the mortgagor, or his tenants, at that time; and that he did not know or believe there was any existing claim or right to any part of the mortgaged premises which could interfere with the mortgage as a security for the $20,000. He now alleges that about 90 acres of the mortgaged premises belonged to the trustee of his wife at that time, under a conveyance which he had himself made nine years before; although it was not put upon record until after the money had been paid to him, by the trust company, upon the $20,000 mortgage.

Charles Rogers, the trustee to whom that deed was given, is not a party to this suit. And if the legal title to the 90 acre farm is still in him it cannot be affected by any decree made in this cause. But the farm was conveyed to him upon a mere naked trust for the sole and only use of Mrs. Fort and her heirs and assigns. The title of the trustee, therefore, was turned into a legal, estate in the cestui que trust, by the provisions of the revised statutes relative to uses and trusts. As the deed was not on record at the time of the giving and recording the $20,000 mortgage, and the payment of the money thereon, the complainants would be entitled to a preference, if it distinctly appeared that Abram I. Fort had conveyed that farm to his father, and that the conveyance to the father was recorded previous to the recording of the trust deed. But as nothing of that kind appears upon this application, and the husband now swears that the 90 acre farm did not belong to the mortgagor at the time of the giving of the mortgage, I must presume that Mrs. Fort has an interest in that farm which is paramount to the rights acquired by the company, by their mortgage. It is necessary, therefore, that the default should be opened as to her, and that she should be permitted to appear by her separate solicitor, and put in an answer for herself, to protect her right in the 90 acre farm; unless the complainants will stipulate that the decree shall be so entered as fully to protect her rights, if she has any, in that part of the premises included in the mortgage.

If the complainants, or their solicitor, within twenty days, shall file a written stipulation with the register, and give notice thereof to O. Clark, the solicitor of the defendants, that notwithstanding the bill has been taken as confessed against Mrs. Fort, a provision shall be inserted in the decree that it shall be without prejudice to any rights which she may have in the 90 acre farm by virtue of the deed to Charles Rogers of March, 1827, and that her legal and equitable rights in the farm under that deed shall not be in any way impaired by the decree; and that the part of the premises embraced in the trust deed shall be sold under the decree subject to all her rights therein, in the same manner as if she had not been made a party to this bill of foreclosure, then t' e motion to open the order taking the bill as confessed is to be denied as to her also. But if such stipulation is not given, the order to be entered hereon must direct that the default be opened as to her, so far as to enable her to protect her interest in the 90 acre farm under the trust deed, and by her separate answer; provided such answer is put in within twenty days after the expiration of the time for giving the stipulation before mentioned.